UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BURNS, SR., )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>)<br>LAURA GREEN ZEILINGER *et al.*, )<br>)<br>      Defendants. ) | Civil Action No. 22-3694 (UNA) |

### **MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether

the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

The allegations comprising the complaint are largely incomprehensible, which is reason enough to dismiss the case. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). That said, Plaintiff appears to challenge the D.C. Department of Human Services' denial on December 3, 2022, of his application for benefits under the Supplemental Nutritional Assistance Program (SNAP), Compl. Ex. E, ECF No. 1-6, but the District's comprehensive remedial scheme to address such claims "counts against immediate resort to federal district court," *Patten v. District of Columbia*, 9 F.4th 921, 927 (D.C. Cir. 2021), *aff'g Brooks v. District of Columbia*, 375 F. Supp. 3d 41, 49 (D.D.C. 2019). *See* D.C. Code § 2-1831.02 (establishing Office of Administrative Hearings (OAH) "for the administrative adjudication of [applicable] cases); *id*. § 2-1831.16(c), 16(e) (authorizing "any person suffering a legal wrong or adversely affected or aggrieved by any order of the Office in any adjudicated case" to "obtain judicial review of that order" in the D.C. Court of Appeals); *Brooks*, 375 F. Supp. 3d at 49 (noting that D.C. Code § 2-1831.03 "enumerates the types of cases over which the OAH has jurisdiction, including cases arising under the jurisdiction of the Department of Human Services"). Therefore, this case will be dismissed by separate order.

_____/s/_____
CHRISTOPHER R. COOPER
Date: January 10, 2023                                            United States District Judge